OPINION
{¶ 1} This case is before the court on Plaintiff-Appellant Rodney Davis' direct appeal from a December 20, 2004 trial court judgment finding that Davis' wife was not acting within the scope of her employment when she was killed in an automobile accident. Accordingly, the trial court overruled Davis' motion for summary judgment but sustained the motions for summary judgment filed by Defendants-Appellees Indiana Insurance Company and American Alliance Insurance Company.
 {¶ 2} On May 25, 2000 Davis' wife, Norma, was killed in an automobile accident while driving her car home from the Greene County Career Center's senior awards ceremony held at the Nutter Center. At the time of the accident, Norma was employed as the attendance secretary by the Greene County Joint Vocational School District at the Career Center. The two paid staff organizers of the event relied upon employees like Norma to volunteer their time in order to provide assistance at the ceremony. However, Norma's attendance at the ceremony was not mandatory.
 {¶ 3} At the time of the accident, Norma was insured by Nationwide Mutual Insurance Company, who paid the policy limits upon Davis' filing of his complaint in the trial court. However, Nationwide remained a party to the suit on cross claims against Indiana and American, seeking to pro-rate its coverage with the coverage provided by the other carriers. Greene County Joint Vocational School was insured under a commercial auto policy issued by Indiana, and the school district was insured under a canopy policy issued by American. As both policies carried higher limits than Davis' Nationwide policy, Davis sought underinsured motorist coverage under both the Indiana and American policies.
 {¶ 4} All parties filed motions for summary judgment. On December 20, 2004 the trial court overruled Davis' motion for summary judgment and granted summary judgment in favor of Indiana and American, finding that Norma was not acting within the scope of her employment when she was killed in the accident. It is from this decision that Davis appeals.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF INDIANA AND AMERICAN ALLIANCE."
 {¶ 7} Davis argues that the trial court should not have granted summary judgment in favor of Indiana or American. Instead, he insists that summary judgment should have been granted in his favor because his wife was acting within the scope of her employment when she was killed in an automobile accident. For the following reasons, we conclude that Norma was not acting within the scope of her employment when she chose to volunteer her time to assist at an evening awards ceremony.
 {¶ 8} Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. When considering a motion for summary judgment, the evidence must be construed in favor of the nonmoving party. Id. Moreover, it is well established that an appellate court reviews summary judgments de novo, that is, independently and without deference to the trial court's determination. Koos v. Cent. Ohio Cellular, Inc.
(1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265.
 {¶ 9} In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the Ohio Supreme Court held that an employee of a corporation is only covered by the corporation's automobile insurance policy only when a loss occurs within the scope of his employment. Id. at ¶ 2 of the syllabus. As we have previously noted, "[i]t is well-settled that if the facts are not in dispute or inferences cannot be drawn from the facts so as to give rise to a dispute, the question of whether an employee was acting within the scope of his employment is not one of fact, but is one of law for the court." Knecht v. Vandalia Medical Center, Inc.
(1984), 14 Ohio App.3d 129, 132, 470 N.E.2d 230. At issue in this appeal is the question of whether Norma was acting within the scope of her employment when she drove home from the award's ceremony that she had voluntarily attended.
 {¶ 10} The basic facts in this case are undisputed. The accident occurred while Norma was driving her own car home from the annual senior awards ceremony at the Nutter Center on the evening of May 25, 2000. Two other employees were paid to organize the ceremony and to attend it. Norma did not take any part in the planning of the event, nor did she have any specific duties assigned to be performed at the ceremony. She was not paid to attend. Additionally, Norma was not required to attend the ceremony. There would have been no disciplinary action had she chosen not to attend. Once Norma decided to attend, she could have chosen merely to watch the ceremony, and she could have left at any time. Moreover, Norma had a written job description that made no mention of participating in any way in the awards ceremony or even attending it.
 {¶ 11} All of these facts support the trial court's conclusion that Norma was not acting within the scope of her employment at the time of her accident. Norma was not doing work that she was employed to do at the time of her accident. See, e.g., Boch v. New York Life Ins. Co. (1964), 178 Ohio St. 458,196 N.E.2d 90. Nor did the school board exercise control over Norma's actions on the evening of the awards ceremony. Id. It must be remembered that "the relationship of . . . master and servant exists only when one party exercises the right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks."Hanson v. Kynast (1986), 24 Ohio St.3d 171, 173,494 N.E.2d 1091, citations omitted.
 {¶ 12} In a somewhat similar situation, we held that a teacher who voluntarily drove to a store for classroom supplies was not acting within the scope of his employment because he was under no duty to do so. Knapp v. Nationwide Agribusiness Ins.Co., Montgomery App. No. 20613, 2005-Ohio-3060. In the same manner, Norma was under no legal or contractual duty either to attend or to assist at the awards ceremony.
 {¶ 13} Because Norma was not acting within the scope of her employment at the time of the accident, we must overrule both of Davis' assignments of error. Accordingly, the judgment of the trial court will be Affirmed.
Brogan, P.J. and Donovan, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.